Kline, Judge,
dissenting.
{¶ 38} I respectfully dissent as to the first assignment of error. I agree with the majority that the victim’s “belief that it was ‘absolutely’ possible does not cross the threshold of being a belief that Mr. Fisher would cause her imminent harm.” Thus, this evidence favors the defendant-appellant, not the prosecution. Under our standard of review, however, we are required to review the evidence in a light that favors the prosecution. That is, “[i]n reviewing the record for sufficiency, ‘[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the *597 essential elements of the crime proven beyond a reasonable doubt.’ ” State v. Smith (1997), 80 Ohio St.3d 89, 113, 684 N.E.2d 668, quoting State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
{¶ 39} Further, I agree with the law as stated in Hamilton v. Cameron (1997), 121 Ohio App.3d 445, 700 N.E.2d 336, which held that in order to show a violation of R.C. 2919.25(C), the state must prove that the victim believed that the offender would cause her imminent physical harm. The state of mind of the victim is an essential element of this offense. “While it is true that victims may change their testimony to protect a spouse, there must be some evidence that the victim thought that the accused would cause imminent physical harm.” Id. at 449, 700 N.E.2d 336.
{¶ 40} As I stated earlier, I agree with the majority that the victim’s “belief that it was ‘absolutely’ possible does not cross the threshold of being a belief that Mr. Fisher would cause her imminent harm.” But the prosecution is not limited to the victim’s testimony. Instead, as Hamilton notes, the prosecution may use “other evidence [from which] it could be inferred, that the victim thought that the accused would cause imminent physical harm.” Id. Circumstantial evidence and direct evidence “possess the same probative value.” Jenks, paragraph one of the syllabus.
{¶ 41} Here, in reviewing the other evidence in a light most favorable to the prosecution, I think one could infer, based on the circumstances, that the victim wife thought her husband would cause her imminent physical harm — barricading the door, calling the police, testimony about thrown objects.
{¶ 42} In conclusion, after viewing the evidence in a light most favorable to the prosecution, I would find that any rational trier of fact could have found the essential elements of domestic violence under R.C. 2919.25(C) proven beyond a reasonable doubt. Consequently, I would overrule the first assignment of error and proceed to address the second assignment of error.
{¶ 43} Thus, I dissent.